IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CREATION ENTERTAINMENT, INC.<br>217 S. Kenwood St.<br>Glendale, CA 91205<br><br>                Plaintiff,<br>v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>                Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Creation Entertainment, Inc. ("Creation Entertainment"), by and through counsel, alleges and states as follows:

### INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

1

3. Plaintiff Creation Entertainment demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied Creation Entertainment's application and its appeal. Creation Entertainment was not given any reason for its denial.

4. As explained further below, Creation Entertainment is the inventor of the "traveling" fan convention and has been producing live interactive entertainment shows centering on genre television and film for over 50 years. Creation Entertainment's shows focus on sci-fi, fantasy and horror television series and films. All events are ticketed and the prices of tickets grow exponentially as guests get closer to the stage.

5. Creation Entertainment meets each of the SVOG eligibility criteria specific to a live performing arts organization operator. The SBA's denial of Creation Entertainment's SVOG application was arbitrary, capricious, an abuse of discretion and otherwise unlawful.

6. In early spring 2020, the COVID-19 pandemic, as well as associated restrictions regarding live entertainment, halted Creation Entertainment's business. As a live performing arts organization operator, the company suffered a 93 percent loss in revenue in 2020 as compared to revenues in 2019.

| 2019 Revenue | 2020 Revenue |
| --- | --- |
| $23,364,955.33 | $1,621,085.74 |

7. Creation Entertainment was forced to shut down and cancel all its scheduled events after March 2020. Creation Entertainment did not earn any revenue from April 2020 through December 31, 2020.

8. Creation Entertainment subsequently resumed live operations in February 2021. During the first quarter of 2021, Creation Entertainment suffered a 97% loss in revenue as compared

to the first quarter of 2019.

| 2019 Q1 Revenue | 2021 Revenue |
|---|---|
| $4,031,192.03 | $392,547.02 |

9. Creation Entertainment needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Creation Entertainment recover from the major setbacks they have experienced because of the pandemic.

10. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Creation Entertainment demonstrated that it is an eligible applicant, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Creation Entertainment's application.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

12. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

13. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

14. Plaintiff Creation Entertainment is a Glendale, California based live performing arts organization operator. Creation Entertainment organizes, promotes and produces live entertainment shows throughout the United States for fans of genre television and film.

**CREATION ENTERTAINMENT**



15.     Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

16.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

**A. Shuttered Venue Operators Grant Program**

17.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No.117-2 § 5005(a).

18.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, which are incurred between March 1, 2020, and December 31, 2021.  15

4

U.S.C. § 9009a(d)(1)(A)(i).

19. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

20. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

21. Eligible entities under the Act include live performing arts organization operators and live venue operators, as well as promoters, theatrical producers, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

22. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

23. The Act defines live venue operator or promotor, theatrical producer, or live performing arts organization operator identically. 15 U.S.C. § 9009a(a)(3)(A)(i). The definition

includes an entity that as a principal business activity organizes, promotes, produces manages or hosts live concerts, comedy shows, theatrical production or events by performing artists for which there is a ticketed cover charge, performers are paid in an amount set by sales or for agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. *Id.*

24. The Act specifies that for a live performing arts organization operator (as well as a live venue operator or promoter, or theatrical producer) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. Creation Entertainment's SVOG Application and the SBA's Denial**

25. On April 28, 2021, Creation Entertainment applied for a SVOG award of $9,699,500.00. In its application, Creation Entertainment demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator. *See* 15 U.S.C. § 9009a(a)(3)(A) (defining the term "live venue operator or promoter, theatrical producer, or live performing arts organization operator"). Creation Entertainment demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its financial statements and tax returns for 2019 and 2020. Creation Entertainment also submitted, among other things: (i) documents demonstrating the performance space and defined audience space (floor plan), lighting rig (photos of lighting), mixing equipment (photos of sound mixing equipment) and public address system (photos of PA system), full ticketing reports of box office information, and advertising and marketing reports.

6

Creation Entertainment further provided the certifications of eligibility required by the SBA's guidance on SVOG applications. Additionally, Creation Entertainment uploaded pictures and videos of their shows, as well as links to publicly available information showing the quality and nature of their shows.

26. On July 6, 2021, Creation Entertainment learned from the SBA's portal that its application was denied. No reason was given for its denial.

27. Creation Entertainment was confused by its denial and attempted on several occasions to reach someone from the SBA in order to obtain a more detailed explanation for why Creation Entertainment was denied the SVOG funds. Creation Entertainment was never able to speak to a representative from the SBA.

28. On August 17, 2021, Creation Entertainment submitted an administrative appeal of the denial to the SBA. Creation Entertainment explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live performing arts organization operators. Creation Entertainment's supporting documentation included: its quarterly income statements for 2019 and 2020; 2019 and 2020 tax returns; advertising materials; contracts with live performing artists; box office records reflecting ticket sales; employee records and contractor agreements reflecting engagement of a sound engineer, stage manager, security personnel, box office manager, and bookers and promoters; photographs and floorplans demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; payroll and other records reflecting its periods of operation; web links to marketing materials and websites; and other documentation.

29. On August 25, 2021, the SBA notified Creation Entertainment that its appeal was denied. No reason was given for the denial.

30. The SBA's denial of Creation Entertainment's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

31. The courts recognize a strong presumption favoring judicial review of administrative action.

32. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

33. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

34. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

35. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

36. Creation Entertainment realleges and incorporates by reference each of the preceding paragraphs and allegations.

37. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Creation Entertainment's application and its subsequent appeal.

38. Indeed, the SBA's decision on Creation Entertainment's application conflicts with the evidence of Creation Entertainment's eligibility that it presented to SBA in its application and in its appeal.

39. The SBA further erred by treating Creation Entertainment disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the

SVOG application of Creation Entertainment competitors:

- Clexacon LLC
- Mischief Management LLC
- Walker Stalkers LLC

40. The SBAs funding of the aforementioned entities has further exacerbated Creation Entertainment's Covid related damages. The SVOG funding has served as a significant competitive advantage to Creation Entertainment's competitors. In fact, many of the aforementioned companies attract the same customers as Creation Entertainment and have been able to market and put on more elaborate performances than Creation Entertainment due to their receipt of SVOG funds.

41. For each of these reasons, the SBA's denial of Creation Entertainment's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

42. Creation Entertainment realleges and incorporates by reference each of the preceding paragraphs and allegations.

43. Creation Entertainment meets the Act's definition of a live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

44. The SBA's denial of Creation Entertainment's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

45. Creation Entertainment realleges and incorporates by reference each of the preceding paragraphs and allegations.

46. The SBA's denial of Creation Entertainment's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Creation Entertainment's application

9

and appeal presented evidence that demonstrates Creation Entertainment is eligible for a SVOG award.

47. The SBA's denial of Creation Entertainment's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Creation Entertainment respectfully requests that this Court:

48. Declare unlawful and set aside Defendants' denial of Creation Entertainment's SVOG award request.

49. Preliminarily and permanently order Defendants to consider Creation Entertainment's application for a SVOG award consistent with applicable law and the evidence before the SBA.

50. Preliminarily and permanently order Defendants to award Creation Entertainment $9,699,500.00 in SVOG funds.

51. Preliminarily and permanently order Defendants to grant Creation Entertainment a supplemental SVOG award of $300,500.00.

52. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Creation Entertainment's SVOG initial and supplemental grant awards.

53. Award Plaintiff its costs and reasonable attorney fees; and

54. Grant such other and further relief as the Court deems just and proper.

Dated: March 12, 2022

                                                      Respectfully submitted,

                                                      /s/  Jeffrey E. McFadden

Jeffrey E. McFadden
D.C. Bar No. 434234
LAW OFFICES OF JEFFEREY E. MCFADDEN
312 Prospect Bay Drive E.
Gransonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton
(*pro hac vice* application to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com
ebarton@wcllp.com

Matthew S. Mokwa
(*pro hac vice* application to be filed)
THE MAHER LAW FIRM, PA
271 West Canton Ave, Suite 1
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

*Counsel for Plaintiff*