UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CREATION ENTERTAINMENT, INC.,

Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION,

Defendant.

Civil Action No. 22-0684 (ABJ)

## <u>ANSWER</u>

Defendants Small Business Administration ("SBA") and Administrator Kelly Loeffler (collectively "Defendants"), by and through the undersigned counsel, respond as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Creation Entertainment's Second Amended Complaint, ECF No. 59, in this case brought pursuant to the Administrative Procedure Act. 5 U.S.C. § 706. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Second Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs as follows:

**INTRODUCTION[1]**

1.    This paragraph consists of Plaintiff's characterization of this lawsuit, which requires no response. To the extent that a response is deemed required, Defendants admit that Plaintiff purports to bring this action pursuant to the Administrative Procedure and Declaratory Judgment Acts. Defendants deny the remaining allegations in this paragraph.

2.    The first sentence of this paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.  As to the second sentence, Defendants admit that SBA, alongside Administrator Loeffler, administers the Shuttered Venue Operators Grant ("SVOG") Program.

3.    Defendants admit that Plaintiff applied for SVOG funds. Defendants deny the remaining allegations in this paragraph and specifically deny that Plaintiff demonstrated its eligibility for an award.

4.    Admit

5.    This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

6.    Deny.

7.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

---

[1]    For ease of reference, this Answer replicates the headings contained in the Second Amended Complaint.  Although Defendants believe that such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.      This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, defendants deny the allegations in this paragraph.

12.      Defendants admit that SVOG funds are limited and deny that Plaintiff demonstrated eligibility for such funds.

## JURISDICTION AND VENUE

13.      This paragraph consists of legal conclusions, which require no response.  To the extent a response is deemed required, Defendants admit that this Court has jurisdiction subject to the terms and limitations of 28 U.S.C. § 1331.

14.      This paragraph consists of legal conclusions, which require no response.  To the extent a response is deemed required, Defendants admit that the denial letter represents a final agency action.

15.      This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendants admit that venue is appropriate in this judicial district.

16.      This paragraph consists of legal conclusions, which require no response. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## PARTIES

17.     Plaintiff's allegation that it is a live performance arts operator is a legal conclusion that requires no response. To the extent a response is deemed required, deny that Plaintiff is  a live performance arts operator.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.     Defendants admit that that Small Business Administration is a federal agency within the meaning of 5 U.S.C. § 706.

20.     Defendants admit that Kelly Loeffler is the Administrator of SBA, and that Plaintiff purports to sue her in her official capacity.

## BACKGROUND

### A.     Shuttered Venue Operators Grant Program

21.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

22.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

23.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

24.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

25.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

26.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

27.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

28.     Admit.

29.     Admit.

30.     This paragraph purports to characterize a statute.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with its plain meaning.

**B.      Creation's SVOG Application and SBA's Denial**

31.     Admit.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding how Plaintiff learned of its application denial. Defendants admit the Plaintiff's SVOG application was denied but deny that no reason was given for the denial.

33.    Defendants admit that Plaintiff's submitted an administrative appeal but deny the remaining allegations in this paragraph.

34.    Defendants admit that Plaintiff's administrative appeal was denied but deny the remaining allegations in this paragraph.

35.    Admit.

36.    Defendants admit that they issued a new denial decision on July 2, 2022.  As to the remaining allegations in this paragraph, Defendants refer the Court to the denial letter as the best evidence of its contents and deny any allegations inconsistent therewith.

37.    Deny.

38.    This paragraph is Plaintiff's characterization of its July 14, 2022 letter.  Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

39.    This paragraph is Plaintiff's characterization of an August 22, 2022 response from SBA.  Defendants respectfully refer the Court to the response as the best evidence of its contents and deny any allegations inconsistent therewith.

40.    Defendants admit they rescinded the prior decision on or about July 7, 2025. Defendants deny the remaining allegations of the paragraph to the extent they are inconsistent with the notice of recission or direction of this Court.

41.    Admit.

42.    This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

43.    This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

44.    This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

45.    Deny.

46.    This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

47.    This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

48.    This paragraph is Plaintiff's characterization of a SBA Office of Inspector General report. Defendants respectfully refer the Court to the report as the best evidence of its contents and deny any allegations inconsistent therewith.

49.    Deny.

50.    The allegations in this paragraph are legal conclusions which do not require a response. To the extent a response is deemed required, Defendants admit that the December 18, 2025 letter constitutes a final agency action.

**CLAIMS FOR RELIEF**
**COUNT I- ARBITRATION AND CAPRICIOUS AGENCY ACTION**

51.    Defendants reallege and incorporate by reference each proceeding response.

52.    This paragraph consists of legal conclusions, which require no response is required.

53.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

54.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

55.     This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

56.     This paragraph is Plaintiff's characterization of a December 18, 2025 letter from SBA. Defendants respectfully refer the Court to the letter as the best evidence of its contents and deny any allegations inconsistent therewith.

57.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

58.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

59.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

### COUNT II- UNLAWFUL WITHHOLDING OF AGENCY ACTION

60.     Defendants reallege and incorporate by reference each proceeding response.

61.     This paragraph consists of legal conclusions, which require no response is required.

62.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

63.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

64.     This paragraph consists of legal conclusions, which require no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs consist of Plaintiff's request for relief, which require no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

* * *

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Sovereign immunity bars a portion of Plaintiff's requested relief.

### Second Defense

SBA's decision was the product of reasoned decision making, supported by record evidence, and consistent with the law.

Dated: February 6, 2026          Respectfully submitted,
        Washington, DC

                                 JEANINE FERRIS PIRRO
                                 United States Attorney


                                 By:      /s/ John J. Bardo
                                     JOHN J. BARDO, D.C. Bar #1655534
                                     Assistant United States Attorney
                                     601 D Street, NW
                                     Washington, DC 20530
                                     (202) 252-2539

                                 *Attorneys for the United States of America*